UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MR. VICTOR SALDANA,

    Plaintiff,

v.

DR. STEPHEN CRAANE, KATHY REID, DR. PAULSON, DR. STEVEN MOORE, ST. JOSEPH'S HOSPITAL, and CORIZON, INC. F/K/A CORRECTIONS MEDICAL SERVICES, INC.,

    Defendants.

File No. 12-cv-573 (DWF/TNL)

**REPORT & RECOMMENDATION**

---

Victor Saldana, OID #201423, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082 (pro-se); and

Margaret Jacot, **OFFICE OF THE ATTORNEY GENERAL**, State of Minnesota, 445 Minnesota Street, Suite 900, St. Paul, MN 55101 (for Defendants Reid and Paulson)

Mark R. Whitmore, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402 (for Defendants Moore and St. Joseph's Hospital)

Charles A. Gross, **GERAGHTY, O'LOUGHLIN, & KENNEY, P.A.**, 55 East Fifth Street, Suite 1100, St. Paul, MN 55101 (For Defendants Craane and Corizon, Inc.).

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's "Motion for an Order to Move Said Respondents to Cease Unreasonable Searches & Retaliation for Exercising Due Process Right to Seek Relief. A Temporary Injunction" (Docket No. 4) (hereinafter "Plaintiff's Motion for Temporary Injunction").

This action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). Based upon the record and memoranda, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Temporary Injunction (Docket No. 4) be **DENIED**.

## II. BACKGROUND

Plaintiff is incarcerated at the Minnesota Correctional Facility-Oak Park Heights, in Stillwater, Minnesota ("MCF–Oak Park Heights"). Plaintiff commenced this action on March 5, 2012, alleging that, during his incarceration at MCF–Oak Park Heights, the Defendants violated his rights under the Eighth Amendment; the Americans with Disabilities Act ("ADA"), 42 USCS § 12101 *et seq.*; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*; and various unidentified state laws. Plaintiff alleges that Defendant Dr. Stephen Crane,[1] in his individual capacity, failed to adequately notify Plaintiff of alternative, less invasive procedures to treat his varicocele,[2] and "coerse[d] [sic]" Plaintiff to have his testicle surgically removed. Compl. at ¶¶ A, B. Plaintiff alleges that Defendant Kathy Reid, in her individual capacity, (1) denied him post-operative pain medications, (2) failed to provide appropriate conditions for recovery following surgery, (3) deliberately withheld

---

[1] Plaintiff misspelled Defendant Crane's name in the caption of the Complaint.

[2] "A varicocele is a widening of the veins along the cord that holds up a man's testicles (spermatic cord). . . . A varicocele forms when valves inside the veins . . . prevent blood from flowing properly. This causes the blood to back up, leading to swelling and widening of the veins." *Varicocele*, PubMed Health, Nat'l Center for Biotechnology Info., http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002263/ (last visited July 27, 2012).

access to a physician until Plaintiff agreed to undergo a third surgery, (4) "interference[d]" with the Plaintiff's "fundamental right to health and safety," and (5) manipulated a "vulnerable adult." Compl. at ¶¶ D-F. Plaintiff alleged Defendant Dr. Paulson denied approval of an alternate procedure to treat Plaintiff's varicocele illness. Compl. at ¶ G. Plaintiff alleges that Defendants Steven Moore and St. Joseph's Hospital committed malpractice, "deliberate indifference," and discrimination. Compl. at ¶ H. Finally, Plaintiff alleges Defendant Corizon, Inc. f/k/a Corrections Medical Services failed to properly supervise staff members. Compl. at ¶ I.

In the present motion Plaintiff requests that this Court enjoin Thomas Roy, Commissioner of Corrections, staff of MCF-Oak Park Heights, and Governor Mark Dayton as follows: (1) cease conducting "unreasonable searches of his person & cell" or reading his "legal material"; (2) reinstate medication discontinued after an alleged retaliatory false disciplinary report; and (3) cease the "potential threat of being transferred to a different facility." Pl. Motion for a Temporary Injunction, at 2 (Docket No. 4). Defendants Paulson and Reid oppose Plaintiff's motion. Defendants Corizon, Crane, Moore, and St. Joseph's Hospital take no position on Plaintiff's motion.

### III. ANALYSIS

A preliminary injunction is an extraordinary remedy, and the burden of establishing the need and propriety of an injunction rests with the movant. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). A court issues a preliminary injunction to maintain the "status quo" prior to a ruling on the merits, *id.,* and thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury

claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Moreover, in the prison context, a request for injunctive relief is viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper* 60 F.3d 518, 520 (8th Cir. 1995) (citing *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Plaintiff seeks a Temporary Injunction, enjoining Commissioner Roy, DOC staff, and Governor Dayton from conducting searches of his person and cell, reading his legal materials, writing false disciplinary reports, and potentially transferring him to another facility. Mot. for Temporary Injunction, at 1-2. The individuals named in the instant motion are not parties to this action and the incidents identified in the motion are entirely different from those raised in his medical treatment lawsuit. Therefore, this Court recommends that Plaintiff's Motion for a Temporary Injunction (Docket No. 4) be denied accordingly.

## IV. RECOMMENDATION

Based upon the record and memoranda, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Temporary Injunction (Docket No. 4) be **DENIED**.

Dated: August 21, 2012 \_\_\_\_*s/ Tony N. Leung*_____
Magistrate Judge Tony N. Leung
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 6, 2012**.